**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERIC W. PRIOR,
<u>Plaintiff-Appellant,</u>

v.

AFSCME COUNCIL 92,

No. 99-1141

<u>Defendant-Appellee,</u>

and

AFSCME COUNCIL 92 STAFF UNION,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-98-3044-JFM)

Submitted: June 29, 1999

Decided: September 23, 1999

Before NIEMEYER and HAMILTON, Circuit Judges,
and HALL,* Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.
_____

*Senior Judge Hall participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

Martin P. Hogan, GROMFINE & TAYLOR, P.C., Alexandria, Virginia, for Appellant. Joel A. Smith, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Eric Prior appeals the district court order entering summary judgment against him on his complaint alleging breach of contract and breach of duty of fair representation. We affirm.

This Court reviews grants of summary judgment de novo. See Evans v. Technologies App. & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995).

Prior asserts that he was an AFSCME Council 92 ("Council 92") employee and thus was a member of the bargaining unit to which the Council 92 Staff Union owed a duty of fair representation. Even if Prior raises a genuine issue of fact as to whether he was a Council 92 employee, the district court properly found that no genuine issue of material fact existed as to whether Prior was covered by the collective bargaining agreement. Prior's reliance on the union recognition provision of the collective bargaining agreement to demonstrate that he was a member of the bargaining unit is misplaced. Reading the collective bargaining agreement as a whole and in conjunction with the other evidence of record, the union recognition provision does not support Prior's assertion that he was a member of the bargaining unit as contemplated by the agreement. Because Prior submitted no evi-

2

dence other than his self-serving allegations disputing the verified evidence put forth by Council 92 demonstrating that as a grant-funded employee he was not a member of the Staff Union and that only Staff Union members were covered by the collective bargaining agreement, the district court properly awarded Council 92 and the Staff Union summary judgment.

Prior's claim that the district court erred in awarding the Staff Union summary judgment <u>sua sponte</u> is also without merit. District courts possess the power to enter summary judgment <u>sua sponte</u> so long as the losing party is provided the opportunity to come forward with all of his evidence. <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 326 (1986). Here, Prior had the opportunity to present evidence in support of his claim and his inability to set forth specific facts showing a genuine issue for trial warranted an award of summary judgment in favor of the Staff Union.

Accordingly, we affirm the district court order awarding Council 92 and the Staff Union summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3